769 A.2d 410

CHRISTINE VELLUCCI AND LEONARD T. VELLUCCI, PLAIN-
TIFFS–APPELLANTS, v. ROBERT DIMELLA, DEFENDANT–
RESPONDENT, v. VICTORIA HENDERSON, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted January 17, 2001—Decided March 5, 2001.

Before Judges PRESSLER, CIANCIA and ALLEY.

*Stark & Stark,* attorneys for appellants (*Mark W. Davis,* of counsel and on the brief).

*Law Offices of Gregory J. Sutton,* attorney for respondent Robert DiMella (*Raymond M. LaSalle,* of counsel and on the brief).

The opinion of the court was delivered by

CIANCIA, J.A.D.

In this automobile negligence action, the trial judge granted summary judgment in favor of defendants upon a determination that plaintiff Christine Vellucci [1] failed to meet the verbal thresh-

---

[1] Christine Vellucci was the actual occupant of the vehicle that was involved in the accident. Leonard T. Vellucci is her husband and sues per quod.

old standards set forth in New Jersey's No Fault Automobile Insurance Statute. *N.J.S.A.* 39:6A–1 to 35; *Oswin v. Shaw,* 129 *N.J.* 290, 609 *A.*2d 415 (1992).

We now reverse the summary judgment in favor of defendants,[2] primarily because plaintiffs were denied oral argument on the motion. *R.* 1:6–2. We also have additional concerns with the rationale used by the trial judge in reaching the conclusion that plaintiff had not met all the statutory requirements necessary to defeat defendants' motion.

■ At this stage of our procedural jurisprudence, it should hardly be necessary to point out that *R.* 1:6–2 sets forth an entitlement to oral argument on substantive motions when argument is properly requested. The trial court retains discretion as to whether oral argument is necessary or appropriate when "the motion involves pretrial discovery or is directly addressed to the calendar...." *R.* 1:6–2(d). But, "[a]s to all other motions the request shall be granted as of right." *Ibid.* Argument can be requested by either party and the moving party may condition a request for argument upon the motion being contested. That is what occurred here when defendants moved for summary judgment. Plaintiffs, in contesting the motion, did not make a separate request for argument, but under the rule they were not obligated to do so. They were entitled to rely on defendants' conditional request because the condition had been met. The

---

[2] The summary judgment motion was made and granted on behalf of both defendants. However, a year before that motion was made, an order was entered granting summary judgment to "Victoria Henderson only" by a different judge than the judge who issued the summary judgment order now under review. We note that only defendant Robert DiMella is a respondent on appeal. It appears that defendant Victoria Henderson was named in the litigation only as the owner of the vehicle driven by Robert DiMella. The earlier summary judgment in her favor was apparently never the subject of an interlocutory appeal and that summary judgment is not before us. This opinion refers to defendants in the plural because the order under review includes both. It may very well be that on remand, when circumstances are clarified, Robert DiMella is the only viable remaining defendant.

record does not reveal why oral argument was not granted, but plaintiffs allege that the motion judge indicated it was not the policy to grant oral argument on verbal threshold motions. Obviously, any such policy runs counter to *R.* 1:6–2(d).

The parties are entitled to argument on defendants' summary judgment motion and we will not prejudge the merits of that application. The oral decision of the trial judge, however, concerns us from a more substantive perspective.

■■■■ Plaintiff alleged that her injuries qualify, alternatively, as type 6, type 7, type 8 or type 9 injuries. *Oswin, supra,* 129 *N.J.* at 315, 609 *A.*2d 415. Indeed, the motion judge agreed that plaintiffs' proofs met the "first prong" of the *Oswin* test because plaintiffs had produced objective credible medical evidence sufficient to "support a jury finding" in plaintiffs' favor. *Oswin, supra,* 129 *N.J.* at 307, 609 *A.*2d 415. Unfortunately, the trial judge never specified into which numerical category or categories the injuries fell. This becomes significant because the judge went on to find that "the second part of the prong is showing that plaintiff's injuries have [a] serious impact" on plaintiff's life, and that prong had not been met. While the trial judge's statement is correct as to injuries falling within category 6, 7 or 8, it is not, in our view, the test for a category 9 injury. A category 9 injury is defined as follows:

> [A] medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment. . . .

> [*N.J.S.A.* 39:6A–8a.]

If a plaintiff's injury comes within the four corners of that definition, then the statutory requirements have been met. *Jefferson v. Freeman,* 296 *N.J.Super.* 54, 62–63, 685 *A.*2d 1357 (App.Div. 1996); *Costa v. Perez,* 272 *N.J.Super.* 108, 639 *A.*2d 372 (App.Div. 1994). It is not necessary to also establish a "serious impact" on plaintiff's life over and above the consequences set forth within the definition of a category 9 injury. This distinction is of particular

significance in a case such as the present one because plaintiff alleges, among other things, that she was out of work for seventy-three days in the first three months after the accident and was unable to perform "virtually any activity" that was part of her daily routine, including sleeping, exercising, gardening, household chores, sexual relations with her husband and the continuation of a major home refurbishing project she had undertaken with her husband.

Aside from the possibility that the trial judge may have erroneously added a "serious impact" standard to the requirements for a type 9 injury, we are also concerned that the statutory language describing a type 9 injury was construed too narrowly. The trial judge, at one point in the opinion, apparently was of the view that any absence from work of less than 90 days within the 180 days immediately following the accident was preclusive of a successful type 9 claim. We disagree. The inability to work for 90 days within the 180 day period following the accident is certainly important, but it is not the exclusive consideration. A court must evaluate all factors relating to a plaintiff's usual and customary daily activities. If a plaintiff falls a few days short in terms of the number of days off from work that, in and of itself, is not necessarily determinative.

Accordingly, we believe the decision on defendants' motion for summary judgment was procedurally deficient, perhaps substantively deficient. The judgment in favor of defendants is reversed and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.