**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0511-17T1

DAVID GUIRGUESS,

    Plaintiff-Appellant,

v.

PUBLIC SERVICE ELECTRIC AND
GAS COMPANY AND PUBLIC SERVICE
ELECTRIC AND GAS SERVICES
CORPORATION AND RICHARD BLACKMAN,

    Defendants-Respondents.

_____

        Argued May 24, 2018 — Decided July 30, 2018

        Before Judges Simonelli and Rothstadt.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex Company, Docket No.
        L-3041-17.

        Darren C. Barreiro argued the cause for
        appellant (Greenbaum, Rowe, Smith & Davis,
        LLP, attorneys; Darren C. Barreiro, of counsel
        and on the briefs; Irene Hsieh, on the
        briefs).

        Sean P. Lynch argued the cause for respondents
        (Fisher & Phillips, LLP, attorneys; Sean P.
        Lynch and Valerie C. Curry, on the brief).

PER CURIAM

Plaintiff David Guirguess appeals from the September 15, 2017 Law Division order, which granted the motion of defendants Public Service Electric and Gas Company, Public Service Electric and Gas Services Corporation, and Richard Blackman to compel arbitration. We reverse and remand.

In December 2008, plaintiff was offered a position as a Nuclear Shift Supervisor in the Salem Operations Department of PSEG Power Nuclear LLC (PSEG Power), a subsidiary of Public Service Enterprise Group Incorporated (PSEG). The offer letter specified his salary and benefits and that his employment with PSEG Power was at-will. Enclosed with the letter was a mandatory arbitration agreement:

> As a condition of my employment, I agree to waive my right to a jury trial in any action or proceeding related to my employment with PSEG. I understand that I am waiving my right to a jury trial voluntarily and knowingly, and free from duress or coercion. I understand that I have a right to consult with a person of my choosing, including an attorney, before signing this document. I agree that all disputes relating to my employment with PSEG or termination thereof, whether based upon statute, regulation, contract, tort or other common law principles, shall be decided by an arbitrator through the Labor Relations Section of the American Arbitration Association.
>
> Any and all disputes arising out of or relating to this Agreement or my employment,

other than an unemployment or workers compensation claim, will, at the demand of either me or PSEG, whether made before or after the institution of any legal proceeding, be resolved through binding arbitration administered by the American Arbitration Association (AAA) in accordance with the Employment Dispute Resolution Rules of the AAA and with the United States Arbitration Act. The arbitration will be conducted before one arbitrator in Newark, New Jersey or by mutual consent at another agreed upon location. If the parties cannot agree on the arbitrator within 30 days after the demand for an arbitration, then either party may request the AAA to select the arbitrator, which selection will be deemed acceptable to both parties. To the maximum extent practicable, the arbitration proceeding will be concluded within 180 days of filing the demand for arbitration with the AAA. All costs and fees of the arbitration will be shared equally by the parties, unless otherwise awarded by the arbitrator. Each party agrees to keep all such disputes and arbitration proceedings strictly confidential except for disclosure of information required by law. Each party further agrees to abide by and perform any award rendered by the arbitrator, and that a judgment of a court of competent jurisdiction may be entered on the award.

In May 2011, plaintiff was offered the position of Project Manager with PSEG Services Corp. The offer letter specified his salary and stated he would "continue to be eligible to participate in PSEG [Services Corp.'s] discretionary Performance Incentive Plan (PIP) under the terms and conditions of that plan." The letter did not mention arbitration and enclosed no arbitration agreement.

Plaintiff's employment was terminated on September 9, 2016. On May 18, 2017, he filed a complaint against defendants, alleging a violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14; violation of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49; aiding and abetting discrimination under the LAD; and wrongful termination.

Defendants filed a motion to compel arbitration, and requested oral argument if plaintiff filed opposition. Plaintiff filed opposition. Without hearing oral argument, on September 15, 2017, the motion judge entered an order dismissing the complaint with prejudice and compelling arbitration before the AAA. The judge gave no reasons for this ruling. This appeal followed.

Pursuant to Rule 1:6-2(d), Civil Part motions, other than certain exceptions set forth in Rule 1:6-2(b), must be listed for oral argument if "a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or . . . unless the courts directs." A request for oral argument by a party is required to be granted as of right. Great Atl. & Pac. Tea v. Checchio, 335 N.J. Super. 495, 497-98 (App. Div. 2000). Furthermore, a party filing opposition papers to a motion need not make a separate request for oral argument. Vellucci v. DiMella, 338 N.J. Super. 345, 347-48 (App. Div. 2001).

A-0511-17T1

In addition, "Rule 1:7-4(a) requires a judge to issue a decision either orally or in writing which 'find[s] the facts and state[s] its conclusions of law thereon in all actions tried without a jury[.]'" In re Tr. Agreement Dated Dec. 20, 1961, by & between Johnson & Hoffman, Lienhard & Perry, 399 N.J. Super. 237, 253 (2006) (alterations in original), aff'd, 194 N.J. 276 (2008). "The purpose of the rule is to make sure that the court makes its own determination of the matter." Id. at 254.

"When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594 (App. Div. 2016) (alteration in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). When that is not done, a reviewing court does not know whether the judge's decision is based on the facts and law or is the product of arbitrary action resting on an impermissible basis. See Monte, 212 N.J. Super. at 565.

The manner in which a judge complies with the Rule is left to the judge's discretion. In re Tr. Agreement Dec. 20, 1961, 399 N.J. Super. at 253. A judge is not required to specify grounds for the denial of a motion and, instead, can rely upon reasons

expressed by a party. Id. at 253-54. However, the judge must make "such reliance 'explicit.'" Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 301 (App. Div. 2009); Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2018). The judge must "clear the extent of [the judge's] agreement with and reliance on [the] proposed findings of fact and conclusions of law," demonstrating that the judge "carefully considered the evidentiary record and did not abdicate [the judge's] decision-making responsibility." In re Tr. Agreement Dated Dec. 20, 1961, 399 N.J. Super. at 254.

Here, defendants requested oral argument, yet the motion judge decided the motion on the papers without argument. There is nothing in the order granting defendants' motion in this matter that confirms that the judge made an independent decision based upon an analysis of the facts and applicable law. "While the failure to provide reasons necessitates a remand, we are left with the option of remanding for a statement of reasons or reversing and remanding for consideration of the motion . . . anew. We determine that the latter course of action is appropriate here." Fisher, 408 N.J. Super. at 303.

The order under review is vacated. The matter is remanded and the motion judge is directed to reconsider defendants' motion with oral argument and enter a new order, together with a written

or oral statement of reasons in conformity with <u>Rule</u> 1:7-4.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION