NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3572-17T4

CLARKSBORO, LLC,

      Plaintiff-Respondent,

v.

MARK KRONENBERG,
Executor of the ESTATE
OF ELBRIDGE KRONENBERG,
MARK KRONENBERG,
individually, ERICH V.
KRONENBERG, NICHOLE
KRONENBERG, wife of ERICH
KRONENBERG, TLG INVESTMENTS,
LLC, GREAT COVE MARINA, INC.,
BRUNSWICK CORP., DANIEL
O'HEARN, RCM HOLDINGS, LLC,
VERIZON DIRECTORY SERVICES
f/k/a BELL ATLANTIC n/k/a DEX
MEDIA, NATIONAL CITY BANK
n/k/a PNC BANK, NA, CAVALRY
SPVI, LLC, SUZANNE W. GINTER,
and STATE OF NEW JERSEY,

      Defendants,

and

US BANKCUST/
SASS MUNI VI DTR,

      Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **May 16, 2019**
>
> **APPELLATE DIVISION**

Argued April 3, 2019 – Decided May 16, 2019

Before Judges Koblitz, Currier and Mayer.[1]

On appeal from Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-031537-16.

Susan B. Fagan-Rodriguez argued the cause for appellant (Rodriguez Law Group, LLC, attorneys; Susan B. Fagan-Rodriguez, on the brief).

Elliott J. Almanza argued the cause for respondent (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys; Keith A. Bonchi, of counsel and on the brief; Elliott J. Almanza, on the brief).

The opinion of the court was delivered by

KOBLITZ, P.J.A.D.

In this tax foreclosure matter, defendant, U.S. Bank-Cust/Sass Muni VI DTR (U.S. Bank), a large tax lien investment fund, appeals from the January 10, 2018 final judgment and the February 22, 2018 order denying its motion to vacate final judgment. U.S. Bank had previously obtained ownership of real property by foreclosing on a tax sale certificate, and then failed to pay property taxes. The Chancery Division granted the opposed motion for final judgment

_____

[1] Judge Mayer did not participate in oral argument. She joins the opinion with counsel's consent. R. 2:13-2(b).

without affording the requested oral argument or providing a cogent reason to deny argument. U.S. Bank thus was not told when final judgment would be entered, which would also end its redemption period. Because oral argument was not provided, we reverse.

On November 21, 2016, Christiana Trust filed the present complaint to foreclose the tax sale certificate. Christiana Trust named U.S. Bank as a defendant because of a prior tax certificate held on the property. On June 8, 2017, defendant was served with an "order fixing the time, place and amount of redemption." The order fixed July 24, 2017 as the time for redemption. Defendant did not file an answer or otherwise plead. Defendant did, however, file a notice of appearance in August 2017.[2]

On August 14, 2017, Christiana Trust[3] filed a motion for final judgment with the Foreclosure Unit of the Superior Court. Defendant asserts it was "unable to complete resolution of the environmental assessment by the time [p]laintiff moved for entry of final judgment." Defendant opposed the motion

---

[2] Defendant explains it "did not file an answer to the tax foreclosure complaint as it did not intend to delay the matter by offering spurious defenses" and instead filed the notice of appearance "to keep track of the progress of the case while conducting the environmental inquiry."

[3] Two weeks later plaintiff Clarksboro, LLC took an assignment of the certificate, substituting into the matter.

and sought a temporary stay, alleging it had filed a complaint in 2013, obtained final judgment in 2016, and owned the property. Defendant certified the property had "extensive environmental problems." Defendant asserted it was "attempting to sell the [p]roperty," and "hope[d] to have a contract to sell the [p]roperty in the near future." After opposition was filed, the Foreclosure Unit sent the contested matter to the Chancery Division.

On January 10, 2018, the court entered final judgment. In its statement of reasons, the court explained:

> Defendant fails to demonstrate any of the [Crowe v. DeGioia, 90 N.J. 126 (1982)] factors. Defendant raises no valid legal argument or defense that would defeat [p]laintiff's right to proceed with the foreclosure. Defendant asserts that it is in the process of attempting to sell the property and it hopes to have a contract to sell same in the near future. On the other hand, [d]efendant has not paid the concurrent property taxes although it completed its own foreclosure and has held an unrecorded ownership interest for the past sixteen months since May 2016. Further, [p]laintiff argues that [d]efendant is a large investment fund with financial ability to redeem the tax lien, and that it could easily redeem the tax lien and preserve its interest. The court is persuaded that equities favor [p]laintiff as [p]laintiff has been paying property taxes to secure the priority of its lien, and [d]efendant has failed to demonstrate any elements that warrant stay of the entry of final judgment.

A-3572-17T4

The order further provided:  "Plaintiff did not request oral argument.  Defendant opposed and requested oral argument.  The court did not hear oral argument pursuant to <u>Palombi v. Palombi</u>, 414 N.J. Super. 274 (App. Div. 2010)."

In <u>Palombi</u>, we considered <u>Rule</u> 5:5-4 in the context of a litigious family matter.  <u>Rule</u> 5:5-4(a) states, in pertinent part:

> Motions in family actions shall be governed by [<u>Rule</u>] 1:6-2(b) except that, in exercising its discretion as to the mode and scheduling of disposition of motions, the court <u>shall ordinarily grant</u> requests for oral argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions.
>
> [(emphasis added).]

Thus, the Family Part rule does not mandate oral argument for substantive motions.

Defendant argues the court abused its discretion in denying oral argument because the motion was dispositive and involved substantive issues.  <u>Rule</u> 1:6-2(d) provides:

> Except as otherwise provided by <u>Rule</u> 5:5-4 (family actions), no motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs.  A party requesting oral argument may, however, condition the request on the motion being contested.  If the motion involves pretrial discovery or is directly addressed to the calendar, the

5

request shall be considered only if accompanied by a statement of reasons and shall be deemed denied unless the court otherwise advises counsel prior to the return day. As to all other motions, the request <u>shall be granted as of right</u>.

[(emphasis added).]

In <u>Vellucci v. Dimella</u>, 338 N.J. Super. 345, 347 (App. Div. 2001), we addressed <u>Rule</u> 1:6-2:

[I]t should hardly be necessary to point out that <u>Rule</u> 1:6-2 sets forth an entitlement to oral argument on substantive motions when argument is properly requested. The trial court retains discretion as to whether oral argument is necessary or appropriate when "the motion involves pretrial discovery or is directly addressed to the calendar . . . ." <u>R.</u> 1:6-2(d). But, "[a]s to all other motions the request shall be granted as of right."

[338 N.J. Super. at 347 (alteration in original).]

Similarly, in <u>Raspantini</u>, we discussed the requirement for a court to set forth the reason for denying oral argument:

In light of the clear mandate of [<u>Rule</u> 1:6-2(d)], because defendants' initial motion sought dispositive relief, plaintiffs' request for oral argument should have been granted as of right. While a request for oral argument respecting a substantive motion may be denied, <u>see</u> <u>Great Atlantic and Pacific Tea Co. v. Checchio</u>, 335 N.J. Super. 495, 497-98 (App. Div. 2000); <u>Spina Asphalt Paving v. Fairview</u>, 304 N.J. Super. 425, 427 n.1 (App. Div. 1997); <u>cf.</u> <u>Cobra Products, Inc. v. Federal Ins. Co.</u>, 317 N.J. Super. 392, 396 (App. Div.

6

1998), the reason for the denial of the request, in that circumstance, should itself be set forth on the record.

[Raspantini v. Arocho, 364 N.J. Super. 528, 531-32 (2003).]

Here, the court did not provide a case-specific reason for denying oral argument when granting plaintiff's opposed motion to enter judgment. Citing to Palombi, a post-divorce appeal that relies on a Family Part rule, is insufficient.

For the first time at oral argument before us, defendant raises an issue springing from the fact that the court not only denied oral argument, but it also failed to inform the parties of the return date on the motion. The motion was originally filed with the Foreclosure Unit on August 14, 2017 and finally decided by the court on January 10, 2018. Defendant argues that the failure to inform the parties of the return date, the date on which final judgment might be entered, deprived defendant of its full right to redeem.

"After two years, the purchaser of the tax sale certificate . . . may commence a proceeding known as a tax sale foreclosure to foreclose or bar the property owner's right of redemption." Town of Phillipsburg v. Block 1508, Lot 12, 380 N.J. Super. 159, 163 (App. Div. 2005) (quoting Savage v. Weissman, 355 N.J. Super. 429, 436 (App. Div. 2002)). The property owner maintains "the right to redeem the tax sale certificate at any time before the final date for

redemption set by the court, N.J.S.A. 54:5-54, and 'until barred by the judgment of the Superior Court.'" Simon v. Cronecker, 189 N.J. 304, 319 (2007) (quoting N.J.S.A. 54:5-86(a)); see also R. 4:64-6(b) ("[r]edemption may be made at any time until the entry of final judgment"). "The holder of a prior tax sale certificate has an absolute right of redemption until that right is cut off by a judgment in foreclosure." Town of Phillipsburg, 380 N.J. Super. at 165. "[I]f the certificate is not redeemed by a party before the date set in the court's order of redemption and entry of final judgment, [the purchaser may] obtain an absolute, indefeasible estate in fee simple." Id. at 167 (quoting Simon v. Rando, 374 N.J. Super. 147, 152 (App. Div. 2005)).

Thus, defendant had the right to redeem up until final judgment was entered on the return date of the motion to enter final judgment. In these circumstances, the court should inform the parties of the return date of the motion. Granting oral argument would also inform the parties of the return date. Because this issue was not raised until oral argument before us, we do not decide the matter on that basis. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014). We vacate final judgment because oral argument was not provided, nor a valid reason given to deny argument. We do not reach defendant's argument regarding the February 22, 2018 denial of its motion to vacate final judgment.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3572-17T4