**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3850-17T4

ANTHONY ANGELO,

     Plaintiff-Appellant,

v.

RICHARD A. KAUL, M.D.,
MARKET STREET SURGICAL
CENTER, MARC MATTURRO,
DC, ROBERT MATTURRO, DC,
MATTURRO CHIROPRACTIC
CENTER, and TRI-COUNTY
CHIROPRACTIC & REHAB,

     Defendants,

and

JOEL BERGMAN and
LARRY LEIFER,

     Defendants-Respondents.

_____

Submitted November 13, 2019 – Decided January 10, 2020

Before Judges Yannotti and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5017-07.

Piekarsky & Associates, LLC, attorneys for appellant (Scott B. Piekarsky, of counsel and on the brief; Mark R. Faro, on the brief).

Robert George Ricco, attorney for respondent Joel Bergman.

PER CURIAM

Plaintiff Anthony Angelo appeals from a March 29, 2018 order of the Law Division, which directed the Superior Court of New Jersey Trust Fund Unit (Trust Fund Unit) to turn over certain monies to defendants Joel Bergman and Larry Leifer. We reverse and remand for further proceedings.

We briefly summarize the pertinent facts, as set forth in the record before us. Leifer initially represented plaintiff in this medical malpractice action and plaintiff apparently signed a retainer agreement. Thereafter, Bergman took over as plaintiff's attorney. Bergman did not, however, have plaintiff sign a new retainer agreement. The action was settled for $200,000. Bergman disbursed $150,000 of the settlement proceeds to plaintiff and retained $50,000 for attorneys' fees. Plaintiff claims he is entitled to be paid an additional $24,310 from the settlement proceeds for litigation expenses he paid.

2

In 2013, plaintiff filed a grievance against Bergman with the Office of Attorney Ethics (OAE) in which plaintiff alleged, among other things, that he was entitled to the additional $24,310. According to Bergman, the OAE found no ethical violations, but directed him to deposit the $50,000 he retained with the Clerk of the Superior Court, where the monies would remain until the fee dispute with plaintiff was resolved either by a District Fee Arbitration Committee, a court of law, or agreement of the parties.

In May 2013, plaintiff filed a malpractice action against Bergman claiming Bergman was negligent in advising him to settle the case for $200,000. On July 12, 2013, Bergman deposited $50,000 with the Trust Fund Unit. In January 2016, the Law Division granted Bergman's motion for summary judgment and dismissed plaintiff's malpractice action. Thereafter, we affirmed the trial court's order. Angelo v. Bergman, No. A-2392-15 (App. Div. July 28, 2017).

On February 21, 2018, Bergman filed a motion in the Law Division seeking an order requiring the Trust Fund Unit to pay $10,000 plus interest to Richard D. Trenk, Trustee for Leifer's law practice, and to pay him the remaining $40,000 plus interest. Apparently, Bergman and Trenk had agreed upon the division of the monies retained from the settlement proceeds for counsel fees.

A-3850-17T4

Bergman requested oral argument on his motion pursuant to Rule 1:6-2(d). He conditioned that request upon the filing of timely opposition to the motion.

Plaintiff opposed the motion and submitted a certification to the trial court. In his certification, plaintiff stated that the OAE had directed Bergman to take "proactive action" to resolve the fee dispute. Plaintiff asserted that Bergman had not done anything of a "proactive nature" to resolve the dispute. Plaintiff also stated that in answers to interrogatories and in a letter to the "ethics committee," Bergman admitted he "would not assume any expenses" when he agreed to represent plaintiff in the malpractice action.

Plaintiff claimed that Bergman admitted plaintiff tendered $16,000 for payment of litigation expenses, and he attached a copy of a letter he wrote to Bergman listing the expenses he paid. Plaintiff also stated that Bergman had testified that his out-of-pocket expenses were minimal, and he had only paid for the service of subpoenas.

In addition, plaintiff asserted that Bergman had sent him a letter, which plaintiff interpreted as an acknowledgment that Bergman would be making further disbursements to plaintiff. Plaintiff stated he was "still waiting" to be paid. He argued that Bergman was not entitled to be reimbursed for any expenses he did not pay. Plaintiff stated that he paid $23,200 in expert fees and

an additional $1110 for subpoenas and copies of diagnostic studies, as indicated in exhibits attached to the certification.

Bergman thereafter filed a reply certification. He asserted that plaintiff's ethics complaint had been resolved by a confidential agreement in lieu of discipline. Bergman said the agreement did not require him to take "proactive" measures to resolve the fee dispute. He stated that he complied with the agreement by depositing the $50,000 with the Trust Fund Unit and by seeking the court's ruling on the fee dispute.

Bergman further stated that plaintiff knew he was required to pay the expert's fee because he had tendered $16,000, which Bergman had deposited in his trust account. Bergman said plaintiff provided these funds to pay the fee for the expert's deposition and trial testimony. Bergman said the resolution of the ethics complaint did not require him to pay these expenses, and the OAE never decided that plaintiff was entitled to reimbursement for these costs.

Bergman also noted that plaintiff brought a malpractice action against him in which plaintiff asserted a variety of claims. He stated that the trial court granted his motion for summary judgment and dismissed the action, and this court affirmed that judgment. Bergman argued that the entire controversy doctrine applied and was dispositive of the fee dispute.

5

On March 29, 2018, the Law Division judge entered an order granting Bergman's motion. The order directed the Trust Fund Unit to turn over the monies on deposit to Bergman and Trenk, with $40,000 to be paid to Bergman, and $10,000 to Trenk, each with accrued interest. The judge did not conduct oral argument on the motion and provided no findings of fact or conclusion of law explaining the reasons for the order. This appeal followed.

On appeal, plaintiff argues the motion judge erred by deciding the motion without oral argument. Rule 1:6-2(d) applies to oral argument on motions in the civil matters and provides in relevant part:

> [N]o motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs. A party requesting oral argument may, however, condition the request on the motion being contested. If the motion involves pretrial discovery or is directly addressed to the calendar, the request shall be considered only if accompanied by a statement of reasons and shall be deemed denied unless the court otherwise advises counsel prior to the return day. As to all other motions, the request <u>shall be granted as of right.</u>
>
> [(Emphasis added).]

We have held that Rule 1:6-2(d) "sets forth an entitlement to oral argument on substantive motions when argument is properly requested." Clarksboro, LLC v.

Kronenberg, 459 N.J. Super. 217, 221 (App. Div. 2019) (alterations in original) (quoting Vellucci v. Dimella, 338 N.J. Super. 345, 347 (App. Div. 2001)).

As stated previously, in his notice of motion, Bergman requested oral argument and conditioned that request upon the filing by plaintiff of timely opposition to the relief requested. Plaintiff filed opposition to the motion. Plaintiff could reasonably assume that the court would hear oral argument before ruling on the motion. We conclude the judge erred by deciding the motion without oral argument.

Plaintiff further argues that the judge erred by failing to provide a statement of reasons for his order. Rule 1:7-4(a) states that the trial court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." In addition, Rule 1:6-2(f) states:

> If the court has made findings of fact and conclusions of law explaining its disposition of [a] motion, the order shall indicate whether the findings and conclusions were written or oral and the date on which they were rendered. . . . If no such findings have been made, the court shall append to the order a statement of reasons for its disposition if it concludes that explanation is either necessary or appropriate. . . .

We have observed that a trial court's "[f]ailure to make explicit findings and clear statements of reasoning 'constitutes a disservice to the litigants, the

7

attorneys, and the appellate court.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 569-70 (1980)). We have also "noted that 'an articulation of reasons is essential to the fair resolution of a case.'" Raspantini, 364 N.J. Super. at 532 (quoting Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000)).

Here, plaintiff and Bergman disagree as to whether they orally agreed Bergman could retain the $50,000 for attorney's fees or whether Bergman would reimburse plaintiff for the litigation costs plaintiff incurred in addition to the $150,000 previously paid to him. The motion judge did not explain how he resolved this factual dispute.

Plaintiff also claimed that the OAE had determined that he was entitled to reimbursement for the monies he had advanced for expenses, which Bergman denies. The judge apparently rejected plaintiff's claim but did not explain his reasons for doing so. In addition, Bergman argued that the entire controversy doctrine barred plaintiff's claim for the expenses because plaintiff was required to raise that claim in the malpractice action and apparently failed to do so. The judge did not state whether he agreed or disagreed with Bergman's argument.

Bergman argues, however, that Rule 1:6-2(f) did not require the motion judge to provide a statement of reasons for the order. He contends the judge

was only required to provide reasons for the order if the judge deemed such an explanation to be "necessary or appropriate." Ibid.

The short answer to Bergman's argument is that an explanation for the court's ruling was, in fact, "necessary" and "appropriate." Without findings of fact and conclusions of law stated on the record, or a statement of reasons appended to the order, we cannot discern the basis for the court's ruling.

Bergman further argues that his "modified" contingency agreement was more advantageous for plaintiff than Leifer's "traditional" contingency agreement. He asserts that plaintiff would have received approximately $8000 less under Leifer's agreement than the $150,000 he received from the settlement.

Bergman contends the parties agreed to work under the terms of plaintiff's retainer agreement with Leifer but agreed to reduce his fees to one-quarter of the net recovery and require plaintiff to cover the litigation expenses. There is, however, no written agreement memorializing these terms. In any event, this argument should be addressed in the first instance by the trial court.

Bergman also argues that if plaintiff's reimbursement request is granted, this would leave only $25,690 for attorney's fees. He asserts that no attorney would work for such a small fee, "let alone agree to it, especially when that attorney has to split the fee with another attorney." In addition, Bergman argues

that the entire controversy doctrine bars plaintiff from asserting his claim for the monies advanced for the litigation expenses. These issues also should first be addressed by the trial court.

We note that plaintiff contends the trial court erred by failing to make any determination that Bergman's fee was reasonable as required by RPC 1.5(a). It appears, however, that plaintiff did not raise this issue when he opposed Bergman's motion.

Therefore, we reverse the trial court's March 29, 2018 order and remand the matter for reconsideration of Bergman's motion. On remand, the trial court may permit the parties to supplement their submissions.

The trial court shall entertain oral argument, determine whether there are any genuine issues of material fact that require a plenary hearing, or whether Bergman is entitled to the relief he seeks as a matter of law. The court shall make findings of fact and conclusions of law, as required by Rule 1:7-4(a).

Reversed and remanded to the trial court for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3850-17T4