**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5471-18T1

ANA DELLINGER and
ROBERT DELLINGER,
her husband,

     Plaintiffs-Appellants,

v.

BOROUGH OF HIGHLANDS
and HIGHLANDS SEWER
AUTHORITY,

     Defendants-Respondents,

and

COUNTY OF MONMOUTH
and STATE OF NEW JERSEY,

     Defendants.

_____

       Argued November 12, 2020 – Decided December 7, 2020

       Before Judges Accurso and Vernoia.

       On appeal from the Superior Court of New Jersey, Law
       Division, Monmouth County, Docket No. L-1814-17.

John Jay Perrone argued the cause for appellants.

Jennifer M. Kurtz argued the cause for respondents (Wisniewski & Associates, LLC, attorneys; John S. Wisniewski, on the brief).

PER CURIAM

In this slip-and-fall personal injury matter, plaintiffs Ana Dellinger and Robert Dellinger appeal from orders denying their motion to reinstate their complaint against defendants Borough of Highlands and Highlands Sewer Authority and denying their motion for reconsideration. Based on our review of the record and applicable law, we are convinced the court abused its discretion by denying plaintiffs' motion to reinstate the complaint, and we reverse.

I.

The facts are not in dispute. Plaintiffs allege that in May 2015, Ana Dellinger sustained injuries to her wrist, back, neck, and head after falling "on uneven pavement and sidewalk" in the Borough of Highlands. Plaintiffs allege defendants negligently maintained, created, and permitted a dangerous condition that caused Ana Dellinger's fall and resulted in her injuries. In August 2015, plaintiffs served defendants with a notice of tort claim pursuant to the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. One month later, plaintiffs served defendants with a "More Specific Tort Claim Form" that

2

included additional information concerning Ana Dellinger's injuries, treatment, and employment.[1]

On May 9, 2017, plaintiffs filed their complaint against defendants.[2] On September 12, 2017, plaintiffs' attempt to serve defendants at a Highlands address was unsuccessful; the building at the address was vacant. A notice on the building's door stated the structure was unsafe. The notice did not include defendants' forwarding addresses.

Plaintiff's counsel sent a copy of the complaint to defendants' insurance carrier, and thereafter communicated with an insurance adjuster concerning plaintiffs' claims. Plaintiffs' counsel "assumed . . . the [i]nsurance [c]ompany would arrange for the assignment of counsel and provide an [a]nswer[,] which did not come."

By December 1, 2017, defendants had not been served with the complaint. On that date, the court entered an order dismissing the complaint without prejudice pursuant to Rule 1:13-7 for lack of prosecution. More than nine

---

[1] According to plaintiffs' merits brief, defendants requested the additional information.

[2] In their complaint, plaintiffs asserted claims against the County of Monmouth, the State of New Jersey, and several fictitious parties, none of whom are parties to this appeal.

A-5471-18T1

months later, on August 17, 2018, plaintiffs served defendants with the complaint.

In October 2018, plaintiffs moved to reinstate the complaint. In the certifications supporting the motion, plaintiffs' counsel detailed the unsuccessful September 2017 attempt to serve the complaint, and he explained that he assumed the insurance carrier would arrange for the assignment of counsel for defendants and the filing of an answer on defendants' behalf.[3] Counsel also noted he was a "solo practitioner with a heavy criminal case-load"; defendants were provided with "early notice of the nature of [plaintiffs'] claim[s] and the injur[i]es"; and defendants were not prejudiced by the requested reinstatement of the complaint. Defendants did not submit any affidavits or certifications in opposition to plaintiffs' motion. Instead, they relied on the arguments of their counsel.

Plaintiffs requested oral argument if defendants opposed the motion. Defendants filed opposition to the motion, but the court decided the motion without argument.

---

[3] Plaintiffs' counsel filed a certification in support of the reinstatement motion and a certification in reply to defendants' opposition to the motion.

The court entered an order denying plaintiffs' motion to reinstate the complaint. In a written statement of reasons, the court found:

> Plaintiff has failed to demonstrate good cause, as required under [Rule] 1:13-7(a). Although it is true that the [c]omplaint was filed within the statute of limitations, [d]efendants in this matter were not served with the [c]omplaint until [fifteen] months after its filing. Plaintiff has not offered any explanation for this delay, except to state that [p]laintiff's counsel has a heavy workload. Although the [c]ourt empathizes with counsel, this explanation does not meet the good cause standard. While the first attempt to serve [d]efendants with the [c]omplaint was unsuccessful, [p]laintiff has not demonstrated that any other steps were taken to attempt to effectuate service upon [d]efendants until the successful service that took place [fifteen] months later. As such, [p]laintiff has not met the requirements to reinstate a [c]omplaint that has been dismissed due to lack of prosecution under [Rule] 1:13-7(a).[4]

Plaintiffs moved for reconsideration of the court's order. In his certification supporting the motion, plaintiffs' counsel offered additional information concerning the delay in serving defendants with the complaint. Counsel cited personal health issues, his trial schedule, and time he missed from his law practice to care for his elderly mother. Counsel emphasized that he was a solo practitioner and that plaintiffs were "absolutely not at fault in causing or

---

[4] The court referred to plaintiffs in the singular, but its findings and conclusions applied to both plaintiffs' claims.

A-5471-18T1

contributing to the delays in this matter." He also asserted defendants could not establish prejudice because they had been notified about plaintiffs' claims within ninety days of the incident pursuant to the TCA's notice requirements. Plaintiffs again requested oral argument if defendants opposed the motion. Defendants filed opposition to the motion.

The court denied the motion for reconsideration without hearing oral argument. The court noted plaintiffs' reconsideration motion was based on information that was available but not submitted in support of the reinstatement motion, and the court concluded plaintiffs did not satisfy the standard for reconsideration under Rule 4:49-2. In its written statement of reasons, the court explained:

> While the court is truly sympathetic to the attorney's personal issues, the reasoning provided does not justify or overcome the prejudice and unfairness to [d]efendants regarding an incident that occurred four years ago. To be clear, the court is not punishing [p]laintiff for the delay, but is troubled by how the delay affected [d]efendants' ability to proceed. They also do not take into account that [p]laintiff[']s only filing in this matter, prior to the underlying motion to reinstate, was the [c]omplaint filed on May 9, 2017. Moreover, [p]laintiff provides no case law to support his position that the delays are justified by "good cause." Even if the court believed the facts justified a finding of good cause, they do not explain the inaction

A-5471-18T1

that occurred between August 2018 and October 2018 when the underlying motion was filed.[5]

The court entered an order denying plaintiffs' reconsideration motion. This appeal followed.

## II.

We review an order denying a motion to reinstate a complaint dismissed for lack of prosecution "under an abuse of discretion standard." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "[W]e owe no special deference to a trial judge's legal interpretations in deciding any motion." Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 600 (App. Div. 2014). We review de novo the "trial court's interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

---

[5] The court again referred to plaintiffs in the singular, but its conclusion applied to both plaintiffs' claims.

"Rule 1:13-7(a) is an administrative rule 'designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion.'" Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007) (quoting Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 267 (App. Div. 1989)). Dismissals under the Rule are "without prejudice." R. 1:13-7(a). Thus, a trial court will "ordinarily routinely and freely grant[] [reinstatement] when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." Ghandi, 390 N.J. Super. at 196 (quoting Rivera v. Atl. Coast Rehab. & Health Care Ctr., 321 N.J. Super. 340, 346 (App. Div. 1999)). Indeed, a plaintiff may serve a summons and complaint even after a court dismisses the case under Rule 1:13-7(a). Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257, 264 (App. Div. 2007) (citing Stanley v. Great Gorge Country Club, 353 N.J. Super. 475, 493 (Law Div. 2002)). Where, as here, defendants are served with the complaint following dismissal but do not consent to its reinstatement, a plaintiff is required to move to reinstate the complaint. R. 1:13-7(a). A court shall grant the motion upon a showing of "good cause."[6] Ibid.

---

[6] Defendants do not claim plaintiffs were required to demonstrate "exceptional circumstances" under Rule 1:13-7(a) to support the requested reinstatement of the complaint. That standard applies in "multi-defendant actions in which at least one defendant has been properly served." R. 1:13-7(a). Here, there is no

Our "Rules are to be construed so as to do justice, and ordinarily . . . innocent plaintiff[s] should not be penalized for [their] attorney's mistakes." Giannakopoulos, 438 N.J. Super. at 608; see also Weber, 397 N.J. Super. at 263 ("Rule 1:13-7(a) should be construed so as to produce a just result and [so] that the client should not be penalized for the attorney's lack of diligence . . . ."); Ghandi, 390 N.J. Super. at 198 ("[C]ourts should be reluctant to penalize a blameless client for the mistakes of the attorney." (quoting Familia v. Univ. Hosp. of Univ. of Med. & Dentistry of N.J., 350 N.J. Super. 563, 568 (App. Div. 2002))).

In our application of the good cause standard for reinstatement under Rule 1:13-7(a), we have therefore determined "that, absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality." Giannakopoulos, 438 N.J. Super. at 609 (quoting Ghandi, 390 N.J. Super. at 197); see also Baskett, 422 N.J. Super. at 385. Where the record is devoid of evidence of prejudice to the defendants from the delay in service of the complaint and bereft of evidence the plaintiffs are at fault, "the interests of justice [are] not served by punishing . . . [the] plaintiff[s]

evidence any of the other named defendants were properly served with the complaint.

for [their] . . . attorney's . . . inattention to [the] matter." Giannakopoulos, 438 N.J. Super. at 609.

The defendant bears the burden of presenting evidence the delay in service of the complaint resulted in prejudice. See Baskett, 422 N.J. Super. at 384. A defendant must present more than merely "generalities" or "conjectures" about potential prejudice. Id. at 384-85. The defendant must support its assertions of prejudice with "legally competent evidence." Weber, 397 N.J. Super. at 264-65.

Measured against these standards, we are convinced the court abused its discretion by denying plaintiffs' motion to reinstate the complaint. There is no evidence plaintiffs share any fault for the delay in the service of the complaint. Additionally, defendants did not present any evidence they were prejudiced by the delay in the service of the complaint. They did not support their opposition to plaintiffs' reinstatement motion with an affidavit or certification establishing facts supporting a finding of prejudice. See R. 1:6-6. Their counsel's arguments—before the trial court and on appeal—that defendants suffered prejudice through the mere passage of time is insufficient to establish prejudice under the Rule 1:13-7(a) standard for reinstatement of a complaint. See, e.g., Baskett, 422 N.J. Super. at 384-85 (reversing denial of the plaintiff's motion to reinstate a complaint under Rule 1:13-7(a) where the defendant presented only

arguments claiming prejudice and failed to present "a scintilla of evidence" establishing prejudice).

The court's order denying the reinstatement motion does not serve the interests of justice because it punishes plaintiffs who share no blame for the delay in the timely service of the complaint and rewards defendants who have not established they will suffer any prejudice if the complaint is reinstated.  See Giannakopoulos, 438 N.J. Super. at 609.  The court's order inexplicably departs from established policies, the good cause standard for reinstatement of a complaint under Rule 1:13-7(a), see, e.g., Baskett, 422 N.J. Super. at 384-85, and constitutes an abuse of discretion, see Pitney Bowes Bank, Inc., 440 N.J. Super. at 382.  We therefore reverse the order denying plaintiffs' motion to reinstate the complaint.

Because we conclude the court erred by denying plaintiffs' motion to reinstate their complaint in accordance with Rule 1:13-7(a), it is unnecessary to address plaintiffs' claim the court erred by denying their motion for reconsideration.  It is also unnecessary to address plaintiffs' contention the

11

orders denying plaintiffs' motions should be reversed because the court refused their requests for oral argument.  See R. 1:6-2(d).[7]

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7] Rule 1:6-2(d) states:

> [N]o motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs.  A party requesting oral argument may, however, condition the request on the motion being contested.  If the motion involves pretrial discovery or is directly addressed to the calendar, the request shall be considered only if accompanied by a statement of reasons and shall be deemed denied unless the court otherwise advises counsel prior to the return day.  As to all other motions, the request shall be granted as of right.

A trial court has discretion to grant or deny a party's proper request for oral argument "when 'the motion involves pretrial discovery or is directly addressed to the calendar,'" but "the request shall be granted as of right" for substantive motions. Clarksboro, LLC v. Kronenberg, 459 N.J. Super. 217, 221 (App. Div. 2019) (quoting Vellucci v. DiMella, 338 N.J. Super. 345, 347 (App. Div. 2001)).  Where a court denies a party's request for oral argument on a motion for which a party has the right to oral argument under the Rule, "the reason for the denial of the request, in that circumstance, should itself be set forth on the record." Ibid. (quoting Raspantini v. Arocho, 364 N.J. Super. 528, 531-32 (App. Div. 2003)).  Here, plaintiffs were entitled to oral argument "as of right" on their motions, but the court denied their requests without setting forth the reasons for the denials on the record.

A-5471-18T1