**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1450-20

SHARON S. BENHAIM,
an individual,

     Plaintiff-Appellant,

v.

RIDGETOP CORPORATION,
GRAND LINDEN APARTMENTS,
LP, and KATE CERBASI,

     Defendants-Respondents.

_____

Submitted January 5, 2022 – Decided March 2, 2022

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2621-20.

Sharon S. Benhaim, appellant pro se.

Griffin Alexander, PC, attorneys for respondents (Robert C. Griffin, on the brief).

PER CURIAM

Plaintiff Sharon S. Benhaim appeals from the Law Division's January 19, 2021 order, dismissing with prejudice, under <u>Rule</u> 4:6-2, his complaint against defendants Ridgetop Corporation, Grand Linden Apartments, and its property manager, Kate Cerbasi. The motion judge granted defendants' motion to dismiss without considering any oral argument because plaintiff was unavailable on the scheduled return date, as the judge stated, "due to international travel," and the judge refused to adjourn the hearing until plaintiff returned. On appeal, plaintiff argues the motion should not have been decided without oral argument; in any event, the judge applied the wrong standard to defendants' motion, which was premature as discovery had not been completed; and, even if his complaint was deficient, he should have been allowed an opportunity to amend his complaint for the second time.

We have considered plaintiff's contentions in light of the record and the applicable legal principles and conclude the judge mistakenly exercised his discretion by deciding the motion without oral argument. For that reason, we vacate the order under appeal and remand for reconsideration after oral argument.

The facts derived from the motion record pertinent to our decision are summarized as follows. Plaintiff is a tenant at defendants' multifamily

A-1450-20

apartment complex pursuant to a written lease. In April 2020, plaintiff filed a complaint against defendants for various relief arising from what he alleged were breaches of his lease and violations of applicable laws. Initially, defendants defaulted, but, in response to a motion they filed, on September 25, 2020, after considering the parties' oral arguments, the motion judge vacated the default and entered an order dismissing plaintiff's complaint without prejudice under Rule 4:6-2 and allowing plaintiff twenty days to file an amended pleading, which he did on October 15, 2020.

Defendants responded to the amended complaint with another motion to dismiss. The original return date for the motion was December 4, 2020, and it requested oral argument if opposition was filed. Plaintiff filed opposition to the motion and a motion to compel to discovery.

Thereafter, the court notified the parties that defendants' motion to dismiss was rescheduled to January 8, 2021, and that there was no need for the parties to attend "because no oral argument has been requested." On December 29, 2020, plaintiff wrote to the motion judge asking that the motion to dismiss be postponed until after the motion to compel is heard or that the two motions be heard the same date.

A-1450-20

On January 7, 2021, the day before the scheduled return date of the motion to dismiss, the judge scheduled oral argument through an email from his law clerk, carrying the motion to January 14, 2021. The email stated the judge considered adjournment requests and all the pending motion papers "and determined that there will be no adjournment of the [January 8, 2021] [m]otions. However, [o]ral [a]rgument will be held on [January 14, 2021] at 2:30 p.m. as opposed to tomorrow."

On the same day, when plaintiff received notification of oral argument, he wrote to the judge to advise that, based on news plaintiff just received on January 6, 2021, he was required by a "family emergency" to travel out of the country starting January 9, 2021, having left January 8, 2021, open to be present in court, and was not certain he could participate in a telephonic hearing[1] on January 14, 2021. Although he stated he did not have a return ticket or, due to the emergency and Covid restrictions, a definitive date that he would be back in the United States, he requested that the hearing be continued until at least January 22, 2021, the same date as his motion to compel discovery would be heard. In response,

---

[1] At that time, due to the Covid-19 pandemic, almost all court proceedings were being conducted remotely either by telephone or video conferences. Plaintiff's email to the court provided various reasons why he might not be able to properly participate in either while he was away.

4

on January 8, 2021, the judge's clerk emailed the parties and advised, the judge "asked me to pass along the message that no worries [plaintiff, the judge] will decide the [m]otion on the papers, without [o]ral [a]rgument, due to your unavailability."[2]

Upon his return to the country, on January 19, 2021, plaintiff notified the judge's chambers that he was now available for oral argument on January 22, 2021, or any subsequent date selected by the court. The next day, the judge's law clerk responded the "Judge had already rendered his decision." Plaintiff subsequently received a copy of the judge's January 19, 2021 order and written decision dismissing his complaint with prejudice.

In the judge's written decision, among other things, he stated, "The [c]ourt, having considered all papers submitted, and [p]laintiff not having been available for the adjourned [o]ral [a]rgument date of January 14, 2021, due to his

---

[2] This was at least the second time the judge denied plaintiff an opportunity for oral argument on a motion. In an earlier motion filed by plaintiff to disqualify defendants' attorney, the judge denied plaintiff's oral argument request, explaining after his order was entered that "no amount of oral argument on the arguments raised in the papers would have changed the court's decision on the issue presented."

A-1450-20

international travel, hereby partially[3] [grants] [d]efendant's [m]otion, [d]ismissing [p]laintiff's [a]mended [c]omplaint with prejudice." The decision continued for approximately ten more pages, explaining the judge's reason for dismissing the amended complaint with prejudice. This appeal followed.

We conclude from this record that the motion judge was required to conduct oral argument on the dispositive motions or explain his reasons for not doing so, other than a simple reference to plaintiff's unavailability without addressing any explanation for not adjourning the matter.

Rule 1:6-2(d) governs oral argument on motions in civil cases and provides in relevant part:

> [N]o motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs. A party requesting oral argument may, however, condition the request on the motion being contested. If the motion involves pretrial discovery or is directly addressed to the calendar, the request shall be considered only if accompanied by a statement of reasons and shall be deemed denied unless the court otherwise advises counsel prior to the return day. As to all other motions, the request shall be granted as of right.

---

[3] The judge denied defendants' other motions to bar plaintiff from filing any additional pleadings without the court's prior approval and to dismiss a related Special Civil Part matter.

A-1450-20

A request for oral argument by a party is required to be granted as of right, except for motions relating to discovery or addressed to the calendar. Ibid.; Raspantini v. Arocho, 364 N.J. Super. 528, 531-32 (App. Div. 2003). Furthermore, a party filing opposition papers to a motion can rely on the movant's request and need not make a separate request for oral argument. Vellucci v. DiMella, 338 N.J. Super. 345, 347-48 (App. Div. 2001). "The denial of oral argument when a motion has properly presented a substantive issue to the court for decision 'deprives litigants of an opportunity to present their case fully to a court.'" Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (quoting Mackowski v. Mackowski, 317 N.J. Super. 8, 14 (App. Div. 1998)). Even if the court can resolve substantive legal issues without the assistance of oral argument, the court should conduct oral argument because it cannot predict what clarifications or arguments a party may present and because oral argument gives the parties an opportunity to respond to the court's initial view of the factual and legal issues.

Having said that, a request for oral argument respecting a substantive motion may be denied if properly explained. Raspantini, 364 N.J. Super. at 531-34. In accordance with Rule 1:6-2(d), "[w]here . . . the trial [judge] decides the motion on the papers despite a request for oral argument, the trial [judge] should

A-1450-20

set forth in [an] opinion its reasons for disposing of the motion for summary judgment on the papers in its opinion." LVNV Funding, L.L.C. v. Colvell, 421 N.J. Super. 1, 5 (App. Div. 2011); see Great Atl. & Pac. Tea v. Checchio, 335 N.J. Super. 495, 497-98 (App. Div. 2000) (reversing summary judgment where, among other reasons, the motion judge provided no basis for denying requested oral argument and the Appellate Division gleaned no basis from the record to relax Rule 1:6-2(d)). Where a request for oral argument on a substantive motion is properly made, denial of argument—absent articulation of specific reasons on the record—constitutes reversible error. Raspantini, 364 N.J. Super. at 531-34.

Applying these principles here, we conclude plaintiff's temporary unavailability provided no reason for the motion judge to deprive plaintiff of the oral argument he clearly and repeatedly sought. The judge's mere reference to plaintiff's unavailability did not provide any sound reason for denying plaintiff's adjournment request, which plaintiff made only when he was confronted with the court's need to adjourn the January 8, 2021 date to January 14, 2021, without any prior input from the parties as to their availability. Plaintiff did not ignore the problems caused by his alleged sudden need to leave the country, but instead he took quick action to seek an adjournment to a date he at least hoped to be available.

We understand that at times dealing with unrepresented individuals in, as here, hotly contested litigation can raise many challenges. But, that fact alone cannot support denial of what is clearly an important component to the public's fair treatment by a court. Under these circumstances, we are constrained to vacate the January 19, 2021 order dismissing plaintiff's complaint and to remand the matter for reconsideration within thirty days based on the papers already filed and only after oral argument.

On remand, we further direct that the matter be considered by a different judge. Although the motion judge here did issue a thoughtful decision explaining his dismissal of plaintiff's complaint, "out of an abundance of caution," we direct that a different judge be assigned to consider the dismissal motion anew to avoid any claim of impartiality based on the motion judge's original findings and legal conclusions. Graziano v. Grant, 326 N.J. Super. 328, 349 (App. Div. 1999). (stating the power to remand to a different judge "may be exercised when there is a concern that the trial judge has a potential commitment to his or her prior findings."); Pellicer ex rel. Pellicer v. St. Barnabas Hosp., 200 N.J. 22, 59-60 (2009) (citing Entress v. Entress, 376 N.J. Super. 125, 133 (App. Div. 2005) (remanding to different judge "to avoid the appearance of bias or prejudice based upon the judge's prior involvement . . .

and his expressions of frustration"); Luedtke v. Shobert, 342 N.J. Super. 202, 219 (App. Div. 2001) (recognizing "time and effort the court put into the case" but expressing concern that judge would be in "untenable position" on remand); Carmichael v. Bryan, 310 N.J. Super. 34, 49 (App. Div. 1998) (noting that judge's expressions of opinion might evidence "commitment to his findings")). However, by our remand and our direction that a different judge hear the matter, we in no way imply what the result of the reconsideration should be, one way or the other.

Vacated and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1450-20