225 N.J. Super. 230 (1988)
542 A.2d 34
ANNA W. BARAN, PLAINTIFF-RESPONDENT,
v.
CLOUSE TRUCKING, INC., AND J. EDWARD CLOUSE, DEFENDANTS-APPELLANTS, AND CRAIG SCHILLING, GENERAL MOTORS CORPORATION, GENERAL MOTORS ACCEPTANCE CORPORATION, S & H PONTIAC, INC., AND/OR JOHN DOE, JOINTLY, SEVERALLY, AND/OR IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 3, 1988.
Decided May 27, 1988.
*232 Before Judges SHEBELL and GAYNOR.
Weiss, Healey & Rea, attorneys for the appellants (Thomas Rea, on the brief).
Clifford L. Van Syoc, attorney for the respondent.
The opinion of the court was delivered by SHEBELL, J.A.D.
Defendants J. Edward Clouse and Clouse Trucking, Inc. appeal the denial of summary judgment dismissing the third count of plaintiff's Third Amended Complaint which alleged that defendants "through their actions in acting as co-signers of the aforementioned lease, negligently enabled defendant Craig Schilling to obtain the use of a motor vehicle," that they "were negligent in that they either knew or should have known that Craig Schilling was an individual who had repeatedly improperly operated a motor vehicle" and that they "acted with gross, wanton and reckless disregard of the safety of the general public at large in enabling defendant Craig Schilling to obtain the use of a motor vehicle, an inherently dangerous instrumentality, without investigating Craig Schilling's driving record and/or history." Plaintiff Anna W. Baran seeks compensatory and punitive damages against defendants for injuries arising out of a collision between a vehicle which she was operating and a vehicle which defendant Craig Schilling had leased from General Motors Acceptance Corporation under a *233 lease co-signed by J. Edward Clouse in his capacity as president of Clouse Trucking, Inc.
Plaintiff objects that J. Edward Clouse, individually, is not a proper party to this appeal, asserting that as an individual he never moved for summary judgment, and that the order denying summary judgment only refers to the corporate defendant. Defendants point out that their brief in support of the motion for summary judgment stated:
Defendants Clouse Trucking and J. Edward Clouse bring this motion for summary judgment based on the fact that Clouse Trucking, Inc. only co-signed the lease and did not own the motor vehicle driven by Schilling.
Defendants also note that their proposed order under R. 1:6-2 referred to the motion as being on behalf of both defendants and sought that the Complaint be dismissed and judgment entered in favor of both defendants. They point out that the order entered referring only to Clouse Trucking, Inc. was submitted by plaintiff.
We are satisfied that the intention of J. Edward Clouse, individually, was also to move for summary judgment. The moving papers, although somewhat lacking, were sufficient to give notice to plaintiff that both defendants were seeking relief. In the interests of justice we entertain this appeal as to both defendants.
The criteria governing summary judgment motions are contained in R. 4:46-2:
The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.
The motion judge must determine if there is a genuine issue as to material fact, but not decide the issue if it is found to exist. Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67, 73 (1954). "[T]he absence of undisputed material facts must appear `palpably.' All inferences of doubt are drawn against the movant in favor of the opponent of the motion." Id. at *234 74-75. However, an opposing party who offers no substantial or material facts in opposition to the motion cannot complain if the court takes as true the uncontradicted facts in the movant's papers. Id. at 75. "Bare conclusions in the pleadings, without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment." U.S. Pipe & Foundry Co. v. Amer. Arbitration Ass'n, 67 N.J. Super. 384, 399-400 (App.Div. 1961). If the court finds that no issue of material fact exists, it then must decide if the movant is entitled to judgment as a matter of law. R. 4:46-2; Millison v. E.I. duPont de Nemours & Co., 101 N.J. 161, 167 (1985).
In this appeal we are required to determine whether the trial court's denial of summary judgment was proper. If there are no issues of material fact, and under the applicable substantive law drawing all inferences of doubt against the defendants and in favor of plaintiff on this motion defendants are entitled to judgment as a matter of law, then we must reverse the order of the trial court denying summary judgment.
The trial judge stated that the crux of the motion was as follows:
The one legal issue in this case, Counsel, as I see it, is the duty of a co-signer of a loan to lease or buy  it really doesn't matter  a vehicle to make sure that in doing that, number one, knowing that he, she or it is enabling somebody to come into possession and operate a motor vehicle, to make sure that what he, she or it is doing is not allowing the vehicle to come into the possession of someone who is not competent.
It was brought out during oral argument on the motion that plaintiff contended that Clouse Trucking, Inc. may have been a co-lessee in that its name appears at the top of the lease in the box labeled "lessee (and co-lessee, if any)." Based upon the labeling of Clouse Trucking, Inc. as a co-lessee, the trial court stated, "I am not sure factually that I can make an absolute determination that indeed Clouse Trucking was an accommodation signer." Defense counsel pointed out that the depositions of defendants Schilling and Clouse clearly controverted any co-lessee arrangement and that Clouse Trucking, Inc. was only an accommodation signer of the lease.
*235 We agree with the motion judge that there may be a factual dispute as to whether Clouse Trucking, Inc. was an accommodation signer or co-lessee. We agree, however, with defense counsel who argued to the motion judge that even as a co-lessee there is no New Jersey law which would impose a duty upon defendant to establish the competence or fitness of Schilling to operate the vehicle. The motion judge also acknowledged this state of the law and said, "I may be creating new law." We do not agree with his creation.
It is clear with respect to the individual defendant J. Edward Clouse that he signed only as president of Clouse Trucking, Inc. and has incurred no individual responsibility as a guarantor of the lease. See N.J.S.A. 12A:3-403. It is also clear that he would have no individual or independent interest in the ownership of the lease even if the corporation were found to be a co-lessee under the terms of the lease.
We are convinced that even assuming for purposes of considering the motion for summary judgment that Clouse Trucking, Inc. were a co-lessee, it should not be liable under these circumstances. No agency relationship is alleged at the time of the accident. The basis alleged for liability is the permitting of a motor vehicle to come into the hands of an allegedly incompetent driver.
There is no evidence that defendants were aware of the prior driving history of Schilling. We believe it would be imposing too great an obligation to require one co-lessee to make an investigation as to the driving abilities of one or more other co-lessees of a motor vehicle where there is no reason to expect that a co-lessee is not a legally qualified driver with normal competence and skill to operate a motor vehicle. We hold that there must be actual knowledge or reasonable cause to believe that the operator is unqualified or incompetent. See Mead v. Wiley Methodist Episcopal Church, 4 N.J. 200, 206 (1950); State v. Wetmore, 121 N.J. Super. 90, 93-94 (Cty.Ct. 1972), overruled on other grounds, State v. Gormley, 139 N.J. Super. *236 556, 560-61 (App.Div. 1976). No such knowledge or reasonable cause is demonstrated here.
We reverse the denial of summary judgment and remand to the Law Division for entry of an order of dismissal as to defendants Clouse Trucking, Inc. and J. Edward Clouse.