**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2236-18T3

ANGELINA DEL CARMEN,

    Plaintiff-Appellant,

v.

MARY ELLEN YORIO and
ANTHONY YORIO,

    Defendants-Respondents,

and

DARREN NELSON,

    Defendant.

_____

Submitted December 16, 2019 – Decided January 13, 2020

Before Judges Messano and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1929-17.

Law Office of Yuriy Prakhin, PC, attorneys for appellant (Nicolas M. Serlin, on the briefs).

Kirmser, Lamastra, Cunningham & Skinner, attorneys for respondents (Peter Kendrick Barber, of counsel and on the brief).

PER CURIAM

While a passenger on an all-terrain vehicle (ATV) driven by Darren Nelson and owned by defendants Mary Ellen Yorio and Anthony Yorio, plaintiff Angelina Del Carmen suffered injuries when the ATV rolled onto its side. Plaintiff appeals from an order granting summary judgment dismissing her negligence claim against defendants based on the court's determination there is no evidence defendants granted Nelson express or implied permission to operate the ATV. Having reviewed the summary judgment record under the applicable legal principles, we affirm.

## I.

In our review of an order granting summary judgment, we apply the same standard as the trial court. State v. Perini Corp., 221 N.J. 412, 425 (2015). We "view the facts in the light most favorable to the non-moving party, which in this case is plaintiff." Bauer v. Nesbitt, 198 N.J. 601, 605 n.1 (2009). The facts,

2

drawn from the parties' respective Rule 4:46-2 statements of material facts and viewed in the light most favorable to plaintiff, can be summarized as follows.[1]

Defendants reside in Bergen County and own a home in Pennsylvania. They gave their nephew, Frank Buettel, permission to stay at their Pennsylvania home with his girlfriend and another couple during the December 2016 New Year's Eve weekend. Without defendants' knowledge or permission, Buettel invited nine friends, including Nelson and plaintiff, to the property. Defendants were not present during the weekend Buettel used their home, and they do not know Nelson or plaintiff.

In March 2016, defendants purchased an ATV for their special needs son and did not want anyone else to use it because it was new. They stored the ATV in a windowless garage on their Pennsylvania property and hid the keys to the garage and ATV in a box on the top shelf of their bedroom in their home on the property. The locked garage in which defendants stored the ATV is "a couple

---

[1] We limit our findings of the undisputed facts to those presented in the statements of material facts submitted to the court in accordance with Rule 4:46-2(a) and (b), and do not consider or rely on information, evidence, or purported facts that were not presented to the motion court in accordance with the Rule. See Kenney v. Meadowview Nursing & Convalescent Ctr., 308 N.J. Super. 565, 573 (App. Div. 1998) (refusing to consider "factual assertions in [the] appeal that were not properly included in the motion . . . for summary judgment below" pursuant to Rule 4:46-2).

A-2236-18T3

of hundred yards" from the home.  Defendants did not inform Buettel where the keys to the ATV were located and did not give him permission to use the ATV.

In some unknown manner, Buettel opened the garage where the ATV was stored and allowed his guests to use it.[2]  Defendants did not expressly authorize Buettel to enter the garage, operate the ATV, or allow others to do so.  Plaintiff testified she observed Buettel open the garage and use keys to operate the ATV.  Following the accident, Mary Ellen Yorio went to the property and observed "axe marks on the door by the locks getting into the garage."  She also observed that the ATV was broken, damaged, and would not start.

Following the accident, plaintiff filed a single count complaint alleging that her injuries were caused by Nelson's negligent operation of the ATV, and that defendants were liable because Nelson operated the ATV with their knowledge and consent.  Nelson did not participate in the trial court proceedings, and the complaint was dismissed as to him.  Defendants filed an answer to the complaint denying liability for Nelson's alleged negligent operation of the ATV.

---

[2]  None of the parties deposed Buettel, and the record does not include an affidavit or certification from Buettel.

A-2236-18T3

Following the completion of discovery, defendants moved for summary judgment, arguing they were not liable for plaintiff's injuries because the ATV was used without their authority or consent. In support of their motion, defendants presented a statement of material facts, supported by their deposition testimony and plaintiff's answers to interrogatories and deposition testimony. Plaintiff did not directly respond to defendants' statement of material facts, and did not directly dispute defendants' factual assertions.[3] Instead, plaintiff submitted a separate statement of material facts supported by the parties' deposition testimony and her answers to interrogatories.

In a decision from the bench following oral argument, the court applied Pennsylvania substantive law and noted "the only basis on which [defendants] could be held liable is if" the ATV was used "with their permission." The court observed "defendants . . . put forth affirmative proof that they did not give permission and . . . plaintiff is unable to rebut that," and it determined the only proof plaintiff offered that defendants gave permission was plaintiff's testimony she "saw them driving with keys and she saw [Buettel] open the [garage] door."

---

[3] Plaintiff submitted a statement of material facts in opposition to defendants' motions, but she did not directly address or refute, as required by Rule 4:46-2(b), the "material facts" included in defendants' statement of uncontested material facts.

The court noted defendants acted to prevent the use of the ATV by anyone other than their special needs son for whom the ATV was purchased. Defendants moved the ATV to a locked garage several hundred yards from the home on the property. The court found those undisputed facts were not "overcome by merely plaintiff's . . . speculat[ion] that [defendants] must have given [Buettel] permission . . . simply because [Buettel] got into the shed." The court entered an order granting defendants summary judgment, and this appeal followed.

## II.

We review a trial court's grant of summary judgment de novo. Cypress Point Condo. Ass'n v. Adria Towers, LLC, 226 N.J. 403, 414 (2016). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. R. 4:46-2(c). The trial court cannot decide issues of fact but must decide only whether there are any issues of fact. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). We must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Id. at

A-2236-18T3

523. We review issues of law de novo. <u>Kaye v. Rosefielde</u>, 223 N.J. 218, 229 (2015).

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Triffin v. Am. Int'l Group, Inc.</u>, 372 N.J. Super. 517, 523-24 (App. Div. 2004) (quoting <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992)). Indeed, "an opposing party who offers no substantial or material facts in opposition to the motion cannot complain if the court takes as true the uncontradicted facts in the movant's papers." <u>Baran v. Clouse Trucking, Inc.</u>, 225 N.J. Super. 230, 234 (App. Div. 1988). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" <u>Hoffman v. Asseenontv.com, Inc.</u>, 404 N.J. Super. 415, 426 (App. Div. 2009) (quoting <u>Merchs. Express Money Order Co. v. Sun Nat'l Bank</u>, 374 N.J. Super. 556, 563 (App. Div. 2005)).

Here, it is undisputed the accident occurred in Pennsylvania, and the motion court correctly determined that Pennsylvania's substantive law applies. <u>See generally</u> <u>P.V. ex rel. T.V. v. Camp Jaycee</u>, 197 N.J. 132, 140-41 (2008) (noting "[t]he rights and liabilities of the parties with respect to an issue in tort

A-2236-18T3

are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties").

Under Pennsylvania law, when an ATV is operated with the owner's permission, the owner is liable for injuries caused by the ATV operator's negligence. More particularly, 75 Pa. Cons. Stat. § 7729(a) provides:

> Negligence in the use or operation of a snowmobile or an ATV is attributable to the owner. Every owner of a snowmobile or an ATV used or operated in this Commonwealth shall be liable and responsible for death or injury to person or damage to property resulting from negligence in the use or operation of such snowmobile or ATV by any person using or operating the snowmobile or ATV with the permission, express or implied, of such owner.

[Emphasis added].

The legal issue presented by defendants' summary judgment motion is whether defendants presented evidence establishing that, as a matter of undisputed fact, Nelson did not operate the ATV with their express or implied permission. The motion court found the evidence established as a matter of undisputed fact that defendants did not provide such permission. Based on our review of the motion record, we agree.

Defendants' unrefuted statement of material facts asserts they did not provide Buettel, Nelson, or anyone else with permission to use the ATV. The

8

assertion is supported by citation to defendants' deposition testimony.  See R. 4:46-2(a) (requiring that statements of facts supporting a summary judgment motion shall be supported by "citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted").  Plaintiff did not dispute the assertion directly as required by Rule 4:46-2(b).  Indeed, she failed to "file a responding statement either admitting or disputing each of the facts in . . . [defendants'] statement."  R. 4:46-2(b).  Moreover, plaintiff's statement of material facts does not assert defendants gave permission to anyone to use the ATV and is bereft of any evidence defendants provided permission for anyone's use of the ATV.  See ibid. (requiring that a statement of material facts submitted by a party opposing a summary judgment motion shall be supported by "citations to the motion record").  Thus, the undisputed facts before the motion court established defendants did not provide Buettel, Nelson, or anyone else permission to use or operate the ATV.  See ibid. (providing that a moving party's statement of material facts submitted in accordance with R. 4:46-2(a) "will be deemed admitted . . . unless specifically disputed by citation conforming to the requirements of [the Rule] demonstrating the existence of a genuine issue as to the fact").

Despite the absence of any affirmative evidence defendants gave anyone permission to operate the ATV and defendants' unrefuted assertions they took steps to prevent anyone's use of the ATV, plaintiff argues there is a genuine issue of material fact as to whether such permission was either expressly or implicitly granted. Plaintiff claims the evidence showing Buettel gained access to the locked garage and Nelson operated the ATV with keys creates an inference defendants granted permission for their use of the ATV. Plaintiff's claim ignores defendants' factual assertions—that plaintiff opted not to refute as required by Rule 4:46-2(b)—establishing they did not give anyone permission to operate the ATV and they hid the keys to prevent its use by anyone. Plaintiff's claim is untethered to any record evidence contradicting defendants' assertions, is founded on nothing more than speculation, and does not support a finding there is a genuine issue of material fact as to whether defendants granted permission to use the ATV. See Hoffman, 404 N.J. Super. at 426.

Plaintiff's statement of material facts establishes Buettel gained access to the ATV and Nelson operated it, but it does establish the permission essential to their claim. Plaintiff's statement also does not raise a genuine issue of material fact as to whether defendants granted Buettel or Nelson permission to use the ATV. Again, defendants' statement of material facts establishes defendants did

10

not grant permission to use the ATV, and that they took affirmative steps to prevent its use by locking the ATV in a remote garage and secreting the keys to the garage and ATV in a box in their bedroom closet. Those facts, which plaintiff did not dispute in accordance with Rule 4:46-2, do not permit a reasonable factfinder to conclude defendants granted express or implied consent to use the ATV. The court correctly determined that there were no genuine issues of material fact, and that defendants were entitled to judgment as a matter of law under 75 Pa. Cons. Stat. § 7729(a). Liability under the statute is contingent upon the owner having granted permission to use an ATV, and the undisputed facts establish no permission was granted.

We are not persuaded by plaintiff's reliance on a series of Pennsylvania cases applying, in a variety of contexts, a presumption that automobile owners are liable for the negligent operation of their vehicles by others. See Provident Tradesmens Bank & Tr. Co. v. Lumbermens Mut. Cas. Co., 218 F. Supp. 802, 804 (E.D.Pa. 1963) (finding a presumption under Pennsylvania law that the operator of an automobile does so with the owner's permission in the absence of credible testimony rebutting the presumption); Exner v. Safeco Ins. Co., 402 Pa. 473, 477 (Pa. 1961) (determining that when a plaintiff proves ownership of an automobile by one party and its operation by a second party, there is a

presumption the owner has granted permission to the operator that may be overcome by evidence rebutting the presumption); Commw. v. DeSanzo, 40 Pa. D. & C.2d 157, 159 (Pa. C.P. 1966) ("where it is shown that a person other than the operator is the owner of an automobile, a presumption arises that the operator was driving the vehicle with permission of the owner; that if the owner fails to introduce credible evidence negating such permission, then the issue is decided against him as a matter of law").

None of the cases interprets 75 Pa. Cons. Stat. § 7729(a), which the parties agree is applicable here. By its plain and unambiguous language, the statute imposes liability on an ATV owner for the negligent operation of an ATV only when it is operated with the owner's express or implied permission. The only issue presented to the motion court was whether there was a genuine issue of material fact as to whether such permission was given. It found, and we agree, that even giving plaintiff the benefit of all reasonable inferences, the undisputed facts establish that no such permission was given by defendants, and that, as a result, they were entitled to judgment as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2236-18T3