**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3903-18T3

MOURIES YOUSSEF and
FATEN YOUSSEF, his wife,

      Plaintiffs-Appellants/
      Cross-Respondents,

v.

SHRI-RAM DONUTS #3 LLC,
 d/b/a DUNKIN DONUTS,

      Defendant-Respondent/
      Cross-Appellant,
and

LIPOWSKI SNOW PLOWING,
STATE FARM FIRE AND
CASUALTY INSURANCE
COMPANY and CLG
BROADWAY, LLC,

      Defendants-Respondents.
_____

Argued October 28, 2020 – Decided  January 7, 2021

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0929-17.

Timothy J. Foley argued the cause for appellants (Foley & Foley attorneys; Michael C. Kazer, of counsel; Sherry L. Foley and Timothy J. Foley, on the briefs).

Robert J. Gallop argued the cause for respondent-cross appellant Shri-Ram Donuts #3, LLC (O'Toole Scrivo, LLC, attorneys; Robert J. Gallop, of counsel and on the briefs; Amy H. Sachs, on the briefs).

Alexander A. Fisher argued the cause for respondent Lipowski Snow Plowing, LLC (Gartner & Bloom, PC, attorneys; Alexander A. Fisher and Kenneth M. O'Donohue, on the brief).

PER CURIAM

Plaintiff Mouries Youssef (Youssef) claims he slipped, fell, and suffered injuries on an ice and snow-covered walkway adjacent to the donut shop he had just departed. The shop is operated by defendant Shri-Ram Donuts #3, LLC d/b/a Dunkin Donuts (Shri-Ram). Youssef and his wife, plaintiff Faten Youssef, filed negligence claims against Shri-Ram and the contractor it employed to provide snow removal services, defendant Lipowski Snow Plowing, LLC (Lipowski).[1] Plaintiffs appeal from orders denying their motions to extend or reopen discovery and for reconsideration, and granting Shri-Ram and Lipowski

---

[1] We do not address the claims asserted against the other defendants because they have not participated in the appeal.

A-3903-18T3

summary judgment. Shri-Ram cross-appeals from the court's order finding it is obligated to indemnify Lipowski for attorney's fees and costs incurred in defense of plaintiffs' claims.

Based on our review of the record, we reverse the court's summary judgment awards to Shri-Ram and Lipowski because the court erred by finding neither defendant had a duty to act reasonably to remove or reduce the hazard presented by the ice and snow on the walkway while the precipitation "continue[d] to fall." We reject plaintiffs' claim the court abused its discretion by denying plaintiffs' motions to extend or reopen discovery and for reconsideration. We vacate the court's order directing that Shri-Ram indemnify Lipowski for defense costs because a determination of the indemnification claim must abide the disposition of plaintiffs' negligence claims.

## I.

Because we consider the court's summary judgment orders, we discern the facts from the summary judgment motion record and view them in the light most favorable to plaintiffs, the non-moving parties. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The record includes a statement of material facts submitted in accordance with Rule 4:46-2(b) in support of Lipowski's

summary judgment motion.[2]  In their response to Lipowski's statement of material facts, plaintiffs admitted many of the averments of fact and denied others.  The denials are untethered to the requisite citation to competent record evidence, see R. 4:46-2(b), and we therefore accept as true the facts for which no competent evidence supporting the denials is provided, see Baran v. Clouse Trucking, Inc., 225 N.J. Super. 230, 234 (App. Div. 1988) ("[A]n opposing party who offers no substantial or material facts in opposition to the motion cannot complain if the court takes as true the uncontradicted facts in the movant's papers."); see also R. 4:46-2(b) (providing properly supported facts in a movant's statement of material facts will be deemed admitted unless disputed in accordance with Rule 4:46-2(a)).

The record, however, also includes a counterstatement of material facts submitted by plaintiffs in opposition to the summary judgment motions.  The facts asserted in the counterstatement are properly supported by citations to transcripts of deposition testimony as required by Rule 4:46-2(b).  Thus, in our consideration of the facts presented in the summary judgment record in the light

_____

[2]  It also appears Shri-Ram relied on Lipowski's statement of material facts in support of its summary judgment motion.

A-3903-18T3

most favorable to plaintiffs, Brill, 142 N.J. at 540, we also accept as true the facts set forth in their counterstatement.

The Facts Presented on Summary Judgment

At approximately 10:30 a.m. on March 5, 2015, Youssef exited a Jersey City donut shop and slipped and fell on the shop's walkway, which led to the public sidewalk. At that time, there was an ongoing snow event, with snow falling when he slipped and fell. According to Youssef, there was approximately five inches of snow and ice on the walkway when he fell.

Shri-Ram leases the property and operates the donut shop. The lease provides that Shri-Ram is responsible for snow removal. On the date of Youssef's fall, Shri-Ram and Lipowski were parties to a snow removal agreement, which provides that Lipowski will remove snow and ice from the property's parking lot, sidewalk, and walkway, and salt the walkways and stairways. Under the agreement, Lipowski is obligated to provide those services when two inches of snow accumulates or upon Shri-Ram's request.

The snow removal agreement provides that Lipowski "is not responsible for any . . . [p]ersonal injuries resulting from slip and fall accidents," and "[Lipowski] assumes no responsibility for slip and fall accidents." The agreement also includes an indemnification provision that generally provides

5                                                                    A-3903-18T3

Shri-Ram will indemnify, defend, and hold Lipowski harmless against certain claims.

Vinod Mally worked as the donut shop's manager. She was responsible for deciding whether Lipowski satisfactorily performed its services. On March 5, 2015, prior to Youssef's fall, Lipowski performed snow and ice removal services at the property two or three times, the last of which occurred approximately thirty minutes before Youssef slipped on the walkway. In addition to clearing the parking lot and walkway, Lipowski applied salt using a walk-behind spreader. Richard Lipowski, the owner of Lipowski, recalled that the shop's manager inspected and approved the work.

Mally assisted Youssef after he slipped and fell. Mally described the walkway as "pretty clean" with "no ice." Michael Manzo also assisted Youssef. Manzo observed the walkway "[l]ooked like it was just cleaned," and that the snow was still falling. He testified the snow did not cover the entire walkway, and he could still see the pavement.

Ahssaine Ifegous went to the donut shop around the same time as Youssef. When Ifegous walked into the shop, he observed the walkway covered with approximately five to six inches of snow with ice underneath the snow, and no signs the walkway was salted. Ifegous nearly fell on the walkway due to the

snow before he entered the shop. When he left the shop, he saw Youssef in an ambulance.

On the date of the incident, Ehab Malak stopped at the shop at around 10:00 a.m. or 11:00 a.m. When he arrived, he observed an ambulance and Youssef. He further observed the sidewalk and walkway were "bumpy" and had snow and ice.

Shortly after Youssef fell, Richard Lipowski returned to the property and took photographs. The time stamps on some of the photographs reflect they were taken at 11:28 a.m. on March 5, 2015. The time stamps of the photographs of the sidewalk in front of the property show they were taken at 12:15 p.m. The photographs show the walkway and sidewalk and that it is snowing. Malak, however, testified the photographs did not accurately represent the conditions of the walkway and sidewalk when he was at the donut shop.

Plaintiffs' Motions to Extend or Reopen Discovery and for Reconsideration

Plaintiffs filed their complaint in 2017, and the court set May 21, 2018, as the discovery end date. The end date was extended first by consent of the parties, and then on two subsequent occasions at plaintiffs' request. In a September 14, 2018 order, the court granted the final extension to November 17, 2018, and scheduled an arbitration for December 5, 2018.

On November 14, 2018, plaintiffs moved to extend or reopen discovery, and requested oral argument. Defendants opposed the motion. In his certification supporting the motion, plaintiffs' counsel asserted a discovery extension was required to permit a second deposition of Manzo because counsel "inadvertently neglected" to ask Manzo questions about his observations of the walkway and counsel had otherwise been unable to obtain a certification from Manzo.

Plaintiffs' counsel also claimed he had learned about a new witness, Malak, who he sought to depose. Plaintiffs' counsel referred to an October 17, 2018 letter to defendants' counsel explaining he had learned of Malak as a witness a week earlier and that he wanted to depose Malak. In his certification, plaintiffs' counsel also claimed plaintiffs' liability expert could not complete his report because of the delay in obtaining the additional information from Manzo and the need for the information it was anticipated Malak would provide.

On November 30, 2018, the trial court denied plaintiffs' motion. The court's order notes the arbitration was scheduled for December 5, 2018. The court found that plaintiffs argued the extension was required because of a need to depose a new witness, Malak, but plaintiffs did not provide an explanation as to when or how the witness was discovered or why they needed to depose him.

The court also found plaintiffs did not demonstrate exceptional circumstances warranting a discovery extension.

Plaintiffs moved for reconsideration and requested oral argument. Defendants filed opposition to the motion. In the certification supporting the motion, plaintiffs' counsel certified for the first time to the facts asserted in the October 17, 2018 letter he annexed to the certification he submitted in support of the motion to extend or reopen discovery. The facts, however, were not of his personal knowledge. They related solely to Youssef's discovery of Malak as a potential witness. Plaintiffs' counsel otherwise generally asserted there was a need for Malak's testimony and relied on the exhibits and information presented in support of the initial motion.

In his certification, plaintiffs' counsel also asserted that five days prior to the November 17, 2018 discovery end date Lipowski amended and supplemented its answers to interrogatories to include photographs of the walkway and sidewalk purportedly taken the day Youssef fell. Plaintiffs' counsel asserted he received the photographs via email on November 13, 2018—four days before discovery ended—and via regular mail on November 19, 2018. He claimed the photographs "beg for investigation" and should be barred because Lipowski's counsel's due diligence certifications were inadequate.

A-3903-18T3

Plaintiffs did not move to bar Lipowski's amendment of its interrogatory answers to include the photographs.

The court issued an order denying plaintiffs' reconsideration motion, finding plaintiffs failed to demonstrate the court erred by finding no exceptional circumstances permitting an extension of discovery to obtain information from Manzo. The court also noted that plaintiffs did not explain the putative importance of Malak's anticipated testimony or explain the failure to take Malak's deposition after plaintiffs' counsel first learned about him in early October 2018, more than a month prior to the November 17, 2018 discovery end date. The court also found plaintiffs' other arguments were known but not asserted when the motion to extend discovery was made, and, for that reason, the arguments did not properly support a grant of the reconsideration motion.

Lipowski's and Shri-Ram's Summary Judgment Motions

Following the completion of discovery, Lipowski moved for summary judgment, and Shri-Ram cross-moved for summary judgment, on plaintiffs' claims. Lipowski also sought summary judgment on its crossclaim for indemnification against Shri-Ram.

After hearing argument, the court determined neither Shri-Ram nor Lipowski owed a legal duty to plaintiffs concerning any hazard caused by the

ice and snow because Youssef fell while the precipitation was still falling. In finding Shri-Ram and Lipowski did not breach any duty to Youssef, the court appeared to apply the so-called "ongoing-storm rule," which "relieves commercial landowners from any obligation to try to render their property safe while sleet or snow is falling." Pareja v. Princeton Int'l Props., 463 N.J. Super. 231, 235 (App. Div.), certif. granted, 244 N.J. 168 (2020).

The trial court also determined Shri-Ram's obligation under the snow removal agreement's indemnification provision was triggered by the filing of plaintiffs' negligence claim against Lipowski. The court granted Lipowski's motion for summary judgment against Shri-Ram and awarded Lipowski defense fees and costs.

Plaintiffs appeal from the orders denying their motions to extend or reopen discovery and for reconsideration, and from the orders granting Shri-Ram and Lipowski summary judgment. Shri-Ram cross-appeals from the order granting Lipowski summary judgment on the crossclaim for indemnification and awarding Lipowski defense fees and costs.

II.

We first consider the court's orders denying plaintiffs' motions to extend or reopen discovery and for reconsideration. We review a trial court's

disposition of discovery matters under the abuse of discretion standard. State v. Brown, 236 N.J. 497, 521 (2019); see also Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005). "[A]n abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" State v. R.Y., 242 N.J. 48, 65 (2020) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). We apply the same abuse of discretion standard to a denial of a motion for reconsideration. Branch v. Cream-O-Land Dairy, 459 N.J. Super. 529, 541 (App. Div. 2019).

Where, as here, a party moves to extend or reopen discovery after a court fixes an arbitration date, a court will grant the motion only if the party shows exceptional circumstances. R. 4:24-1(c); Tynes v. St. Peter's Univ. Med. Ctr., 408 N.J. Super. 159, 168-69 (App. Div. 2009). Under this standard,

> the moving party must satisfy four inquiries: (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.
>
> [Garden Howe Urb. Renewal Assocs. v. HACBM Architects Eng'rs Planners, L.L.C., 439 N.J. Super. 446,

460 (App. Div. 2015) (quoting <u>Rivers</u>, 378 N.J. Super. at 79).]

"[F]ailure to properly prepare a matter in a timely manner is not exceptional circumstances . . . . [and] is not a reason to reopen discovery or to adjourn a trial." <u>O'Donnell v. Ahmed</u>, 363 N.J. Super. 44, 52 (Law Div. 2003).

Measured against the exceptional circumstances standard, we find no abuse of discretion in the court's denial of plaintiffs' motion to extend or reopen discovery. The reason proffered for the requested discovery extension to obtain a second deposition of Manzo—plaintiffs' counsel's inadvertent failure to make inquiry of Manzo during his first deposition—does not constitute an exceptional circumstance. <u>See, e.g.</u>, <u>Bldg. Materials Corp. of Am. v. Allstate Ins.</u>, 424 N.J. Super. 448, 479 (App. Div. 2012) (explaining counsel's delay in obtaining discovery in a timely manner does not support a finding of exceptional circumstances). Moreover, plaintiffs failed to demonstrate that the additional discovery from Manzo is essential to their claims, <u>see</u> <u>Vitti v. Brown</u>, 359 N.J. Super. 40, 51 (Law Div. 2003) (finding discovery is essential if "the matter simply could not proceed without" it or if the party seeking the discovery "would suffer some truly substantial prejudice"), or that the failure to timely obtain the additional information was beyond plaintiffs' control, <u>Garden Howe Urb. Renewal</u>, 439 N.J. Super. at 460.

Similarly, plaintiffs failed to present competent evidence supporting a finding of any of the factors required to establish exceptional circumstances allowing an extension of discovery to depose Malak. Plaintiffs' counsel's supporting certification is bereft of any facts based on his personal knowledge concerning the delay in identifying Malak as a witness, and the letter plaintiffs' counsel attached to his certification does not include any facts related to Malak based on counsel's personal knowledge. See R. 1:6-2(a) (requiring a motion that relies on facts that are not of record or judicially noticeable "shall be supported by affidavit made in compliance with [Rule] 1:6-6"); see also R. 1:6-6 (stating facts offered in support of a motion that do not appear of record or are not judicially noticeable may be supported by affidavits based on the affiant's personal knowledge). The court was therefore without competent evidence concerning Malak upon which a proper finding of exceptional circumstances could be made.

Plaintiffs' counsel's certification also did not explain or demonstrate why Malak's testimony was essential to the prosecution of plaintiffs' claims, see Vitti, 359 N.J. Super. at 51, and it did not offer any reason for the delay in deposing Malak until after the November 17, 2018 discovery deadline after learning about Malak in early October 2018. Again, an unexplained delay in obtaining

discovery does not support a finding of exceptional circumstances allowing an extension or reopening of discovery under Rule 4:24-1(c). Bldg. Materials Corp., 424 N.J. Super. at 479.

Plaintiffs' failure to present evidence supporting each of the four factors required to establish exceptional circumstances required the court's rejection of the motion to extend discovery. Thus, the trial court did not abuse its discretion by denying plaintiffs' motion to extend or reopen discovery.

The court also did not abuse its discretion by denying the motion without hearing oral argument. Rule 1:6-2(c) provides that "[d]iscovery and calendar motions shall be disposed of on the papers unless" the court "directs oral argument on its own . . . or, in its discretion, on a party's request." Rule 1:6-2(d) further provides that where a party requests oral argument on a discovery motion or calendar motion, the "request shall be considered only if accompanied by a statement of reasons."

The court did not abuse its discretion by deciding the motion without oral argument because plaintiffs did not provide a statement of reasons supporting the request; Rule 1:6-2(c) provides such motions shall be decided on the papers; and, on its face, the motion did not include competent evidence establishing the exceptional circumstances required for an extension of discovery. See

Clarksboro, LLC v. Kronenberg, 459 N.J. Super. 217, 221 (App. Div. 2019) (finding "[t]he trial court retains discretion as to whether oral argument is necessary or appropriate when 'the motion involves pretrial discovery'" (quoting Vellucci v. DiMella, 338 N.J. Super. 345, 347 (App. Div. 2001))); see also Raspantini v. Arocho, 364 N.J. Super. 528, 532 (App. Div. 2003) (explaining a motion may be decided without oral argument if the "motion on its face did not meet the applicable test for that relief"). We affirm the court's denial of plaintiffs' motion to extend or reopen discovery.

For essentially the same reasons, we affirm the court's denial of plaintiffs' reconsideration motion. A court should grant a motion for reconsideration only when "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence[.]" Branch, 459 N.J. Super. at 541 (alterations in original) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). Reconsideration is not appropriate when a party is merely "dissatisfied with [the court's] decision," "wishes to reargue a motion," Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010), or intends "to bring to the court's attention evidence that was

not presented, but was available, in connection with the initial argument," <u>J.P. v. Smith</u>, 444 N.J. Super. 507, 520 (App. Div. 2016).

For the reasons we have explained, the court correctly denied plaintiffs' discovery extension motion. Plaintiffs' reconsideration motion consisted of nothing more than a repackaging of the arguments it asserted in support of the discovery extension motion. Plaintiffs added only a claim that a discovery extension was required due to Lipowski's alleged late delivery of photographs in its amendment to its interrogatory answers.[3] The alleged late delivery of the photographs, however, was known to plaintiffs when they filed their initial motion, and they therefore could not properly rely on those facts to support the reconsideration motion. <u>See</u> <u>Cummings</u>, 295 N.J. Super. at 384 (explaining

---

[3] Plaintiffs claim the production of the photographs was improper because the <u>Rule</u> 4:17-7 certifications of due diligence that accompanied the photographs were inadequate. We find the argument unavailing because plaintiffs did not file a motion challenging the certifications in accordance with <u>Rule</u> 4:17-7. The Rule provides that "[a]ny challenge to the certification of due diligence will be deemed waived unless brought by way of motion on notice filed and served within [twenty] days after service of the amendment." <u>R.</u> 4:17-7. Having waived the right to challenge the sufficiency of the certifications of due diligence in the trial court, we will not consider the claim for the first time on appeal. <u>See</u> <u>Nieder v. Royal Indem. Ins.</u>, 62 N.J. 229, 234 (1973) (explaining there is no appellate review of an argument that was not presented to the trial court).

reconsideration is not warranted where alleged new facts supporting the reconsideration motion were available when the underlying motion was made).

Plaintiffs did not establish the court's decision denying the discovery extension was palpably incorrect or that the court overlooked or failed to appreciate plaintiffs' evidence, see Palombi, 414 N.J. Super. at 289 (affirming trial court's denial of motion for reconsideration when movant could not identify any error made by the court), and the court did not abuse its discretion by rejecting plaintiffs' attempt to reargue their discovery motion, see id. at 288-89 (explaining a party's desire to reargue a motion does not warrant reconsideration and noting a movant must show the "[c]ourt acted in an arbitrary, capricious, or unreasonable manner[] before [a] [c]ourt should" consider such a motion (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990))). The court also did not abuse its discretion by denying the reconsideration motion without oral argument. The motion was devoid of merit on its face. See, e.g., Raspantini, 364 N.J. Super. at 532. We therefore affirm the court's order denying plaintiffs' motion for reconsideration.

## III.

We next consider plaintiffs' challenge to the orders granting Shri-Ram and Lipowski summary judgment and dismissing the complaint. We review an order

granting summary judgment by applying the same standard as the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). Under this standard, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ibid. (quoting R. 4:46-2(c)). We review the trial court's legal conclusions de novo. Estate of Hanges v. Metro. Prop. & Cas. Ins., 202 N.J. 369, 385 (2010).

The court granted the summary judgment motion based on its finding Shri-Ram and Lipowski could not be found liable for negligence because they owed no legal duty to address or remedy any hazards on the walkway while the precipitation—ice and snow—was falling. We are persuaded the court erred in reaching that legal conclusion for the reasons we explained in detail in Pareja, where we rejected the "ongoing-storm rule" and held that "a commercial landowner has a duty to take reasonable steps to render a public walkway abutting its property—covered by snow or ice—reasonably safe" regardless of whether there is an ongoing snow event. 463 N.J. Super. at 235. We hold here, as we did in Pareja, that a landowner's liability for hazards created by falling ice or snow "may arise only if, after actual or constructive notice" there is a failure

19

"to act in a reasonably prudent manner under the circumstances to remove or reduce the foreseeable hazard." Ibid. As a result, we conclude the court erred by finding that neither Shri-Ram nor Lipowski owed a legal duty to Youssef simply because he fell during an ongoing snow event.

"The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." Shields v. Ramslee Motors, 240 N.J. 479, 487 (2020) (quoting Robinson v. Vivirito, 217 N.J. 199, 208 (2014)). Courts will consider four factors when analyzing a negligence claim: "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." Id. at 492-93 (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993)).

Our holding in Pareja makes clear that a negligence claim based on a hazard created by ice or snow must be determined based on the same factors that govern any other negligence cause of action, and without regard to a rule that exempts a party from liability simply because an injury is caused by a hazard during an ongoing ice or snow event. See 463 N.J. Super. at 249-52. As we explained in Pareja, "To permit commercial landowners under every

20                                                              A-3903-18T3

circumstance to wait until the end of a storm before taking any reasonable precautions, or to attempt removing or reducing known precipitation hazards, would arbitrarily create a rigidity in the law inconsistent with the innumerable variables that are possible." Id. at 248.

Shri-Ram, as the lessee of the donut shop and property, had "a duty to take reasonable steps to render [the] public walkway abutting its property—covered by snow or ice—reasonably safe, even when precipitation [was] falling." Id. at 251. Although not an owner or lessee of the property, Lipowski had an ordinary duty of care to act in a reasonably prudent manner under all the circumstances.

The court did not make findings of fact supporting its summary judgment determinations. See R. 1:7-4(a); see also Estate of Doerfler v. Fed. Ins., 454 N.J. Super. 298, 301 (App. Div. 2018) (explaining a court is required to "set forth factual findings and correlate them to legal conclusions" on a summary judgment motion (citation omitted)). However, our de novo review of the record permits us to conclude there are factual issues concerning the condition of the walkway when Youssef fell; the amount of snow and ice on the walkway when he fell; the timing, extent, and adequacy of Lipowski's snow removal efforts; and other issues pertaining to the reasonableness of Shri-Ram's and Lipowski's

21

actions prior to Youssef's fall.[4]  A determination of the reasonableness of Shri-Ram's and Lipowski's actions may only follow after a resolution of those genuine issues of material fact.  That is a task for a jury.  We therefore reverse the court's summary judgment orders and remand for further proceedings on plaintiffs' claims.

IV.

We next consider the court's order granting Lipowski summary judgment on its counterclaim against Shri-Ram for indemnification for defense fees and costs.  The court determined indemnification was required under the indemnification provision in the snow removal agreement.

When there are no factual disputes, "we review the interpretation of a contract de novo."  Serico v. Rothberg, 234 N.J. 168, 178 (2018).  We "give 'no

---

[4]  We recognize plaintiffs' failure to cite to competent evidence supporting their denials of Lipowski's statements of material facts renders those facts admitted, but the record also includes plaintiffs' counterstatement of facts, which are supported by evidence that in our view creates fact issues concerning the conditions of the walkway and the amount of snow and ice on the walkway when Youssef fell.  In addition, we note plaintiffs' counterstatement of facts includes citations to Malak's deposition, which was taken after the discovery end date expired.  Even if the facts supported by the references to Malak's deposition are ignored, plaintiffs presented sufficient facts supported by citations to competent evidence that raise issues concerning the condition of the walkway and the amount of snow and ice on the walkway when Youssef slipped and fell, and, more generally, whether Shri-Ram and Lipowski exercised reasonable care under all the circumstances presented.

22

special deference to the trial court's interpretation and look at the contract with fresh eyes.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Kieffer v. Best Buy, 205 N.J. 213, 223 (2011)).

Shri-Ram argues the trial court erred by granting Lipowski's motion for indemnification because Shri-Ram was not negligent, and therefore the indemnification obligation was not triggered. Alternatively, Shri-Ram argues that if we vacate the court's dismissal of the complaint, the order granting Lipowski indemnification for defense costs should be vacated because a question of fact will exist as to whether Lipowski's negligence caused Youssef's accident. Lipowski argues the court properly interpreted the agreement to require that Shri-Ram indemnify Lipowski and that Shri-Ram's indemnification obligation was triggered when plaintiffs filed their claims against Lipowski.

A court's "objective in construing a contractual indemnity provision is . . . to determine the intent of the parties." New Gold Equities Corp. v. Jaffe Spindler Co., 453 N.J. Super. 358, 385 (App. Div. 2018) (quoting Kieffer, 205 N.J. at 223). When analyzing a contract, the court "give[s] contractual terms 'their plain and ordinary meaning.'" Kieffer, 205 N.J. at 223 (quoting M.J. Paquet, Inc. v. N.J. Dep't of Transp., 171 N.J. 378, 396 (2002)). Where "the meaning of an indemnity provision is ambiguous, the provision is 'strictly

A-3903-18T3

construed against the indemnitee.'" Ibid. (quoting Mantilla v. NC Mall Assocs., 167 N.J. 262, 272 (2001)).

Where a contract fails to unambiguously provide for indemnification of an indemnitee for the costs of defending claims of the indemnitee's negligence, courts will apply what has been characterized as the Central Motor default rule. New Gold Equities, 453 N.J. Super. at 386-87 (quoting Mantilla, 167 N.J. at 273). Under the rule, "[c]osts incurred by [an indemnitee] in defense of its own active negligence . . . are not recoverable." Id. at 387 (alterations in original) (quoting Cent. Motor Parts Corp. v. E.I. duPont deNemours & Co., 251 N.J. Super. 5, 11 (1991)).

Here, the the snow removal agreement's indemnification provision states:

> The owner[, Shri-Ram,] shall indemnify, defend and hold harmless the contractor . . . from and against any and all claims, damages, reasonable attorneys' fees, costs and expenses which the contractor incurs as a result of a claim or claims brought by the owner or third party, arising out of any wrongdoing[] [and/or] negligence . . . by the owner alleged or otherwise, . . . including but not limited to personal injuries resulting from slip and fall accidents.

In other words, Shri-Ram is required to indemnify, defend, and hold harmless Lipowski from claims arising out of Shri-Ram's negligence. The indemnification provision, however, does not provide for any indemnification

of Lipowski for its own negligence. Indeed, indemnification for defense and costs associated with Lipowski's negligence is not mentioned in the indemnification provision. Construing this indemnification clause narrowly against Lipowski, see Kieffer, 205 N.J. at 223, it does not unequivocally indemnify Lipowski for its defense of claims resulting from its own negligence, see, e.g., Mantilla, 167 N.J. at 267, 275 (finding a contract that indemnified a party "from and against any and all claims . . . caused by or arising from the negligence of [the indemnitor]" did not explicitly indemnify that party from costs of defending against claims of its own negligence).

Because the indemnification clause does not unequivocally indemnify Lipowski for the defense of claims for its own negligence, the Central Motor default rule applies, New Gold Equities, 453 N.J. Super. at 386-87, and Lipowski cannot recover costs incurred in defense of its own negligence, Cent. Motor, 251 N.J. Super. at 11. Any determination of Lipowski's claimed entitlement to indemnification for its defense costs must await the jury's determination of plaintiff's negligence claims, and the issue must be decided on the record presented at that time. See Mantilla, 167 N.J. at 273 (holding an indemnitee may recover counsel fees "after-the-fact" "if the indemnitee is adjudicated to be free from active wrongdoing regarding the plaintiff's injury[]

and has tendered the defense to the indemnitor at the start of the litigation"); Cent. Motor, 251 N.J. Super. at 11 (observing "facts developed during trial should control" whether an indemnitee may recover costs). Accordingly, we vacate the court's order finding Shri-Ram must defend and indemnify Lipowski and ordering Shri-Ram to pay Lipowski's defense fees and costs.

In sum, we affirm the orders denying plaintiffs' motions to extend or reopen discovery and for reconsideration. We reverse the orders granting Shri-Ram and Lipowski summary judgment, vacate the order granting Lipowski summary judgment on its crossclaim for indemnification, and remand for further proceedings before the trial court.

Affirmed in part, reversed in part, vacated in part. We remand for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3903-18T3